**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1513-24
A-3807-24

LEGACY MORTGAGE ASSET
TRUST 2021-GS2,

     Plaintiff-Respondent,

v.

THOMAS M. WENNER, HIS
HEIRS, DEVISEES, AND
PERSONAL REPRESENTATIVES,
AND HIS/HER, THEIR, OR ANY
OF THEIR SUCCESSORS IN
RIGHT, TITLE, AND INTEREST,

     Defendant-Appellant,

and

MRS. WENNER, WIFE OF
THOMAS M. WENNER, AMY A.
WENNER, CITIBANK SOUTH
DAKOTA NA,

     Defendants.

_____

13 MORRIS PLACE LLC,

Respondent.

_____

Submitted June 2, 2026 – Decided July 22, 2026

Before Judges Gilson and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-011874-23.

Thomas M. Wenner, self-represented appellant.

Hinshaw & Culbertson LLP, attorneys for respondent Legacy Mortgage Asset Trust 2021-GS2 (Ashley R. Newman and Michael E. Blaine, on the brief).

Kessler Law, LLC, attorneys for respondent 13 Morris Place LLC (Michelle Conroy, on the brief).

PER CURIAM

In this residential-mortgage-foreclosure action, defendant Thomas Wenner has filed two appeals, which we address in this consolidated opinion. In his first appeal, defendant challenges three orders: (1) an April 12, 2024 order granting summary judgment to plaintiff Legacy Mortgage Asset Trust 2021-GS2 (Legacy or plaintiff) and denying his cross-motion to dismiss; (2) an October 30, 2024 order denying his objections to the entry of a final judgment; and (3) a December 10, 2024 final judgment of foreclosure. He argues plaintiff did not

properly serve the notice of intent to foreclose and plaintiff failed to prove that he received the notice.

In his second appeal, defendant challenges a June 23, 2025 order denying his motion to vacate the sheriff's sale of the property. He contends that the notice of the sale was not sent by the sheriff and the envelope was not properly labeled.

We reject all defendant's arguments. Plaintiff complied with the Fair Foreclosure Act (FF Act), N.J.S.A. 2A:50-53 to -82, in sending defendant its notice of intent to foreclose. Moreover, there is no dispute that defendant received notice of the foreclosure action because he filed a timely answer but never cured the default. It is also indisputable that defendant received notice of the sheriff's sale because before the sale, he twice requested and was granted adjournments of the sale. Accordingly, we affirm all orders challenged in both appeals.

I.

The material facts concerning the loan, mortgage, and default are not in dispute. In November 2005, defendant and Amy Wenner borrowed $408,000, signed a promissory note (note), and gave a mortgage on a residential property

3

located at 13 Morris Place, Oceanport (the Property).[1] Over eight years later, in March 2014, defendant executed a loan modification agreement, increasing the loan and mortgage to just over $469,000.

In June 2022, defendant failed to make his monthly payment under the note and mortgage.[2] At that time, the mortgage was owned by MTGLQ Investors L.P. (MTGLQ) and it was being serviced by Select Portfolio Servicing, Inc. (Select). On August 8, 2022, Select sent defendant a notice of intent to foreclose, informing him that he was in default, he needed to pay $9,295.65 to cure the default, and if he failed to cure the default a foreclosure action could be filed.

On August 24, 2022, the mortgage was assigned from MTGLQ to Legacy, and that assignment was recorded on August 30, 2022. Following the assignment, Select continued to service the mortgage. After 2022, defendant never made any further payments on the note which was secured by the mortgage.

---

[1] Amy Wenner has not participated in this appeal, but she was named in the foreclosure action. When we refer to defendant we are referring to Thomas Wenner.

[2] Defendant had also previously failed to make other monthly payments.

Approximately a year later, on September 6, 2023, Select, on behalf of Legacy, sent defendant another notice of intent to foreclose. That notice was sent to defendant at the Property, where defendant lived, by regular and certified mail, with return receipt requested. The notice informed defendant that he was in default on his note and mortgage, he needed to pay $50,321.73 to cure the default, and a foreclosure action could be filed if he failed to cure the default. Defendant did not cure the default.

Just over thirty days later, on October 12, 2023, plaintiff filed the underlying complaint in this action seeking to foreclose on the Property and to obtain a judgment for the amount due under the note. Representing himself, defendant filed an answer on October 26, 2023.

In February 2024, plaintiff moved to strike defendant's answer and for summary judgment. Defendant filed opposition and cross-moved to dismiss plaintiff's complaint. On April 12, 2024, the Chancery court entered an order denying defendant's motion, striking defendant's answer, granting summary judgment to plaintiff, and entering a default against defendant.

Plaintiff thereafter moved for entry of a final judgment. Defendant filed an objection, but the Chancery court denied defendant's objection in an order entered on October 30, 2024.

A-1513-24

On December 10, 2024, the court entered a final judgment of foreclosure. The judgment directed that the Property was to be sold and stated that plaintiff was entitled to receive $403,753.52 plus interest and $4,187.53 for fees from the proceeds of the sale. That same day, the court issued a writ of execution directing the sheriff to sell the Property.

The sheriff's sale was initially scheduled for March 17, 2025. On March 6, 2025, plaintiff's counsel sent defendant notice of the sheriff's sale. Defendant then applied for and received two adjournments of the sale and the sheriff's sale was rescheduled to May 12, 2025.

On May 9, 2025, three days before the sale, defendant moved for a stay. That application was denied on May 12, 2025, and that same day the Property was sold. Defendant then moved to vacate the sale. The court denied that application in an order entered on June 23, 2025.

As noted, defendant has filed two appeals. In appeal No. 1513-24, defendant appeals from the December 10, 2024 final judgment, as well as the April 12, 2024 order granting summary judgment and the October 30, 2024 order denying his objection to the final judgment. In appeal No. 3807-24, defendant appeals from the June 23, 2025 order denying his motion to vacate the sheriff's sale.

II.

In challenging the final judgment and the two orders leading up to the final judgment, defendant makes two arguments concerning the notice of intent to foreclose. First, he asserts plaintiff failed to demonstrate it had sent the notice in compliance with the FF Act. Second, he contends that the FF Act requires proof that he actually received the notice. Defendant's first argument is rebutted by the record, which establishes plaintiff sent the notice by certified mail, return receipt requested in compliance with the FF Act. The second argument is wrong as a matter of law because the FF Act does not require proof of actual receipt of the notice by the mortgagor.

Initially, we note that defendant is not challenging the substantive grounds for the foreclosure. A party seeking to foreclose must demonstrate that defendant executed a note and mortgage, the mortgage had been recorded, and defendant thereafter defaulted. See N.Y. Mortg. Tr. 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n as Tr. v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021) (citing Thorp v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952)). Accordingly, the "only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the

7

mortgagee to resort to the mortgaged premises." Ibid. (quoting Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018)).

In this matter, defendant does not dispute that he signed the note and gave a mortgage on the Property, the mortgage had been recorded, and he defaulted. Indeed, the record establishes each of those material facts. Instead, defendant makes two arguments concerning the notice of intent sent before the foreclosure action was instituted.

In his first argument, defendant contends that plaintiff failed to establish that the notice of intent to foreclose was sent to him by certified mail with return receipt requested. Before a mortgagee can foreclose on a property, the FF Act requires that the mortgagee "give a notice of intention" to foreclose "at least [thirty (30)] days, but not more than 180 days, in advance of such action . . . to the residential mortgage debtor." N.J.S.A. 2A:50-56(a). The notice of intent must "be in writing . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b). The purpose of the notice is to allow the debtor to try to cure the default and, thereby, avoid a foreclosure action. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 470 (2012) (stating "[t]he notice of intention

8

is a central component of the [FF Act], serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure"); Bank v. Kim, 361 N.J. Super. 331, 344 (App. Div. 2003) (quoting N.J.S.A. 2A:50-54) (explaining the notice requirements of N.J.S.A. 2A:50-56(b) serve the legislative intent of giving "homeowners 'every opportunity to pay their home mortgages' and to benefit lenders 'when residential mortgage debtors cure their defaults'").

Defendant contends that the notice was sent to him by certified mail, but plaintiff failed to establish that the certified mail also included a return receipt requested. In making that argument, defendant relies on imprecise language used in the certification Legacy submitted in support of its motion for summary judgment. That certification stated that the notice had been sent by certified mail but did not expressly state that it had been sent by certified mail with return receipt requested.

In supplemental certifications and proofs submitted, however, Legacy demonstrated that the notice was sent both by regular mail and certified mail with return receipt requested by electronic means. Thus, the record establishes Legacy complied with the FF Act.

9

We also note that there is really no dispute that defendant received the notice. The notice was sent to defendant at the address of the Property. Defendant does not dispute that he was living at the Property at that time. When Legacy thereafter filed the foreclosure action, it served him with the complaint at the Property. Defendant clearly received the complaint because he filed a timely answer less than thirty days after being served with the complaint.

Second, defendant argues that the FF Act requires proof that he received the notice. That argument is simply wrong as a matter of law. The FF Act requires that the notice must be sent by the prescribed methods but does not state that the notice must be received by the mortgage debtor. To the contrary, the FF Act states that a notice of intent to foreclose "is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party." N.J.S.A. 2A:50-56(b). The plain meaning of "or" is that the notice does not actually need to be received; rather, there must be proof of proper mailing to the property and the address where the debtor is currently living if it is different than the property. Ibid.

No case law supports defendant's position. Indeed, the one case defendant cites contradicts his assertion. See EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126 (App. Div. 2008). In Chaudhri, we held that there was no legal or

equitable authority supporting the proposition that personal service of the notice was required.  Id. at 139-40.  In that regard, we stated "no provision of the [FF Act] delineates circumstances warranting the imposition of an enhanced notice requirement."  Id. at 140.  We, therefore, held that the "use of certified mail and first[-]class mail satisfies the statutory requirements of N.J.S.A. 2A:50-56.  Nothing more is required."  Ibid.  Indeed, we noted that acceptance of defendant's position could lead to avoidance of a debtor's obligations.  In that regard, we pointed out that a debtor's "failure to claim the certified mail, despite notices issued by the Postal Service to do so, will not defeat statutory compliance.  We will not sanction a mortgagor's deliberate attempt to frustrate the mortgagee's efforts by ignoring the properly sent notice of intent."  Ibid.

In short, the record demonstrates that defendant was sent the notice of intent to foreclose by certified mail, return receipt requested.  We, therefore, affirm the April 12, 2024 order, the October 30, 2024 order, and the December 10, 2024 final judgment.

In doing so, we note that defendant's notice arguments were designed to undermine the legitimacy of the entire action.  The notice arguments did not challenge the undisputed facts and law supporting the final judgment and the two orders.  Consequentially, defendant has waived any of those potential

challenges.  See State v. D.F.W., 468 N.J. Super. 422, 322 (App. Div. 2021) (declining to address arguments not formally raised in the defendant's brief); Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)) (explaining "[a]n issue not briefed on appeal is deemed waived").

III.

In challenging the order denying his application to vacate the sheriff's sale, defendant raises two arguments regarding the notice of the sheriff's sale. First, he contends that the notice was not sent by the sheriff as required by the FF Act.  Second, he argues that the notice he received from plaintiff did not comply with the requirement that the envelope sending the notice be marked with the statement:  "Notice of Sale."  Neither of those arguments warrant vacating the sale.[3]

Appellate courts review a Chancery court's decision not to vacate a sale for an abuse of discretion.  U.S. ex rel. U.S. Dept. of Agric. v. Scurry, 193 N.J. 492, 502 (2008).  An abuse of discretion exists if a decision lacks "rational

---

[3] Citing N.J.S.A. 2A:50-61, defendant also argues the sale is void and against public policy because he did not waive the statutory notice requirements. Because this case does not involve a waiver dispute, this argument lacks merit and does not warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Normally, a sheriff's sale will not be set aside unless there is a showing of "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale," or if equity so requires. Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002); see also R. 4:65-5 (explaining "[a] sheriff . . . shall deliver a good and sufficient conveyance . . . unless a motion for the hearing of an objection to the sale is served within [ten] days. . . . On the motion, the court may summarily dispose of the objection" and "confirm the sale"). The power to void the sale is discretionary and will only be exercised sparingly if there is "some evidence of actual prejudice to [the] interested party." G.E. Cap. Mortg. Servs., Inc. v. Marilao, 352 N.J. Super. 274, 283 (App. Div. 2002); First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 52 (App. Div. 1999).

N.J.S.A. 2A:50-64(a)(4) requires the sheriff to provide notice of the sale to the debtor in a foreclosure action. The notice must be mailed in an envelope "that plainly states on its exterior" it is a notice for the sale of the foreclosed property. Ibid.

The plaintiff in the foreclosure action also has an obligation under the Rules of the Court to notify the defendant in the foreclosure action of the pending sale. R. 4:65-2. In that regard, Rule 4:65-2 states "[t]he party who obtained the order or writ shall, at least [ten] days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon . . . the owner of record of the property."

Applying these principles, the trial court did not abuse its discretion in denying defendant's motion to vacate the sale. The overwhelming evidence in the record shows defendant had actual notice of the sale. See First Mut. Corp. v. Samojeden, 214 N.J. Super. 122, 126, 128 (App. Div. 1986) (explaining that actual notice is an "overriding concern" as to whether the notice requirement and due process have been met in foreclosure actions). Thus, here, any technical defect in the notice requirements does not justify the extraordinary remedy of vacating the sale.

Indeed, there is no dispute that defendant received notice of the sheriff's sale. The record establishes that on March 6, 2025, Legacy's counsel sent defendant notice of the sale. While the envelope did not contain the exterior statement that it related to the sale of a foreclosed property, defendant clearly got the notice because he then asked for and received two adjournments. At his

request, the sheriff's sale was first adjourned to April 14, 2025, and then adjourned to May 12, 2025. On May 9, 2025, defendant moved to stay the sale, but that request was denied.

In short, the purpose of the notice of the sheriff's sale was accomplished. Defendant knew the sale was scheduled and he had an opportunity to adjourn the sale and seek to stay the sale. The sale properly went forward on May 12, 2025, and the Property was sold to a third party. Accordingly, we discern no abuse of discretion in the Chancery court's decision to deny defendant's motion to vacate the sheriff's sale. Thus, the June 23, 2025 order is affirmed.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hawley

Clerk of the Appellate Division

15

A-1513-24